# JACK and JOAN HOLLAND, Appellants

## v.

## HALECK'S ISLAND MOTORS and ROYAL INSURANCE COMPANY, Appellees

High Court of American Samoa
Appellate Division

AP No. 6-91

June 16, 1992

Before RICHMOND, Associate Justice, GOODWIN,* Acting
Associate Justice, MUNSON,** Acting Associate Justice,
MATA'UTIA, Associate Judge, and MAILO, Associate Judge.

Counsel: For Appellants, Robert A. Dennison III
For Appellees, John L. Ward II

GOODWIN, J.:

---

\* Honorable Alfred T. Goodwin, Senior Circuit Judge, United
States Court of Appeals for the Ninth Circuit, serving by designation of
the Secretary of the Interior.

\** Honorable Alex R. Munson, Chief Judge, United States District
Court for the Northern Mariana Islands, serving by designation of the
Secretary of the Interior.

This matter comes before the Appellate Division on an appeal from the Trial Division.

The Appellants ("the Hollands") left their car at Haleck's Island Motors ("Haleck's") for servicing. While the car was stored at Haleck's, a fire broke out, completely destroying the building and its contents. The Hollands' car was consumed by the fire as well.

The Hollands sued Haleck's, only to discover that Haleck's liability insurance was written to indemnify Haleck's for damages and loss caused by Haleck's negligence. The case went to trial on the Hollands' claims of negligence in allowing a fire to break out, in storing the car, and in failing to procure bailee insurance. The Hollands also sued on a breach of bailment theory. Royal Insurance Company ("Royal") was joined as a defendant after the Hollands learned that Royal was denying coverage for this particular claim.

After the Hollands rested, Haleck's moved for dismissal. The Trial Division denied that motion because the Hollands had proved a *prima facie* case. The court entered judgment for Haleck's, however, by an Opinion and Order of January 23, 1991, finding no negligence. The Hollands appeal that decision.

The Hollands have raised three issues to be reviewed: (1) whether the trial court wrongly applied the burden of proof; (2) whether the trial court's finding that Haleck's was not negligent was clearly erroneous; and (3) whether the trial court's finding that there was no duty to insure was clearly erroneous.

A. The Burden of Proof

It is undisputed that the Hollands' *prima facie* case for breach of bailment was made when they showed that the car was delivered to Haleck's and that it was not returned. The burden then shifts to Haleck's to show why the car was not returned.

The Hollands argue that after they made their *prima facie* case, Haleck's had to prove that they were free from negligence. Whether the bailor must show negligence or the bailee must show non-negligence is an unsettled area of the law. *See generally* Annotation, *Presumption and Burden of Proof Where Subject of Bailment is Destroyed or Damaged by Fire*, 44 A.L.R.3d 171 (1972).

Haleck's case tended to prove that the cause of the fire was not electrical in origin and the cause remains unknown. Its case further showed that the fire spread exceptionally rapidly and that water was unavailable. A finding of non-negligence with reference to the fire was not clearly erroneous.

If the trial division had placed the burden of proving negligence on the Hollands once Haleck's had proved a "no-fault" fire, the Hollands failed to show that the rapid spread of the fire, the lack of water, or the unknown origin were a result of Haleck's negligence. Using either standard, the record would support a finding that the fire was not caused by Haleck's negligence.

B. The Finding of No Negligence

The standard used by the trial division in imposing liability on Haleck's for the loss of the property was the prudent-man standard, "that measure of care which 'ordinarily prudent men, as a class, would exercise in caring for their own property under like circumstances.' *Garcia v. Galea'i*, CA No. 41-87." The issue before the Court on this point was whether an ordinarily prudent man would have taken the precaution of insuring his own property against fire.

One might well expect an ordinarily prudent repairman to at least insure his customers' cars against fire on his premises. Haleck's failure to provide insurance suggests that Haleck's was not acting as an ordinarily prudent man. Nothing in the trial-division record satisfactorily explains why there was no insurance protection for property left with Haleck's.

A departure from the prudent-man standard is strongly suggested by the deposition testimony of Mr. Haleck, who testified to the following:

Q (by Mr. Dennison): Did you feel it was necessary for you as a prudent man to purchase insurance to cover this sort of loss?

A (By Mr. Haleck): Yes.

In light of this testimony, the trial court's finding cannot be said to be well-supported, and we are left with a definite and firm conviction that a mistake has been made. When the defendant himself states that a

108

prudent man would have secured fire insurance for bailed property, it is clear error to find that the bailee's failure to secure insurance does not violate the prudent-man standard.

### C. The Duty to Insure

There is no duty on the part of a bailee to insure bailments absent a statutory obligation, an agreement to that effect, or some custom or usage of trade. The trial division found that there were none of these. This finding, however, does not have support in the record. As noted, Mr. Haleck himself admitted, in effect, that he had a duty to insure. Indeed, he thought he had purchased the kind of insurance that would have protected his customers. This was fairly substantial proof of a custom and usage of prudent bailees to carry fire insurance for their bailors.

The trial division did not reach the question of duty to insure. Bailee insurance, however, is so prevalent that it can safely be said to be custom in the industry--not just in the repair industry but in virtually all service businesses. A consumer's belief that a repair shop has insurance is entirely reasonable; in fact, it is unreasonable to put a duty on a consumer to inquire whether a repair shop, where the consumer leaves his valuable possessions, has insurance. No body of law compels a contrary result. *See* Annotation, *Bailee's Duty to Insure Bailed Property*, 28 A.L.R.3d 513 (1969).

For this reason, we are left with the conclusion that there was error. To hold otherwise would be to allow repair businesses to take consumers' property free of any realistic responsibility for that undertaking.

## CONCLUSION

Though the fire may not have been preventable, the failure to obtain insurance was preventable. Two theories support a finding that Haleck's was negligent in not providing no-fault fire insurance. First, the subjective belief of the business owner was that he should have obtained that kind of insurance. This created a duty on the part of Haleck's, the breach of which supports a finding of negligence. Second, because it is customary, prudent, and virtually universal to secure one's business customers against fire loss, the requisite custom and usage of trade to insure customers' cars create a duty on the part of the bailee.

For these reasons, the decision of the trial division is REVERSED, and the cause is REMANDED to the trial division to determine damages.

The motion for reconsideration is denied, except for the necessary correction in the statement of facts.